UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
IN RE:                          *    CHAPTER 13
MARIKA ROSCIOLI                 *    BANKRUPTCY NO. 18-13097
                                *
              Debtors           *
```

**ORDER**

AND NOW, this     day of           , 201 , upon consideration of Coventry Green Condominium Association's Motion for Relief from the Automatic Stay and Debtors' answer thereto, and after hearing, it is hereby ORDERED and DECREED that;

The Motion of Coventry Green Condominium Association for Relief From The Automatic Stay is DENIED.

BY THE COURT:

_____
                            J.

Kenneth G. Harrison, Esquire
Fine Neshaminy Interplex  Suite 115
Trevose, PA 19053

William C. Miller, Esquire (Trustee)
P.O. Box 40119
Philadelphia, PA 19106

Dean E. Weisgold, Esquire
1835 Market Street, Suite 1215
Philadelphia, PA 19103

UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
IN RE:                          *    CHAPTER 13
MARIKA ROSCIOLI                 *    BANKRUPTCY NO. 18-13097
                                *
                  Debtors       *
```

**DEBTORS' ANSWER TO THE MOTION
FOR RELIEF FROM THE AUTOMATIC STAY**

Debtor, Marika Roscioli, by and through her attorney, Kenneth G. Harrison, Esquire, respectfully represents as follows:

1. Denied. Debtor has paid her condominium fees directly and is paying the arrears through her bankruptcy plan. It is the condominium association who is failing to provide services to the Debtor.

2. Denied as stated. Debtor has no knowledge of the other charges besides the condominium fee. Movant has purposely failed to properly fix Debtor's roof. Since February, it has been leaking, Debtor notified Movant of the leak and their attempted repairs have been inadequate and the roof still leaks. Debtor will pay the fees once the roof is properly fixed.

3. Denied. Debtor's dogs have been property restrained as per the debtor. Movant's actions are in retaliation for litigation between the parties prior to the bankruptcy filing and for this bankruptcy filing.

4. Admitted.

5. Denied as a conclusion of law upon which no responsive pleading is required. By way of further answer, despite repeated requests, Movant has failed to property fix Debtor's roof.

6. Denied as a conclusion of law upon which no responsive pleading is required.

7. Denied. Debtor have no knowledge of Movant's actions as to the common areas except not to repair her roof. Debtor has not continuously failed to pay her condominium fees.

8. Denied as a conclusion of law upon which no responsive pleading is required.

DEFENSES

1. The Debtors have substantial equity in their property and movant has been afforded adequate protection of its interest.

2. Movant has not shown the irreparable harm necessary to justify lifting of the automatic stay with respect to its foreclosure.

3. If movant is entitled to relief from the stay, the stay should not be terminated and the Court should grant less drastic relief by conditioning or modifying the stay.

4. Movant has failed to perform necessary repairs on Debtor's unit thereby placing her health,, property, value of unit and others in jeopardy.

WHEREFORE, Debtor, Marika Roscioli, respectfully requests that this Honorable Court deny Movant's Motion for Relief From the Automatic Stay and order them to fix her roof.

Respectfully submitted,

s/s Kenneth G. Harrison
Kenneth G. Harrison, Esquire
Five Neshaminy Interplex Suite 115
Trevose, PA 19053