**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| IN RE: | MARIKA ROSCIOLI | : | CHAPTER 13 |
| | | : | |
| | Debtor. | : | |
| | | : | |
| COVENTRY GREEN CONDOMINIUM | | : | |
| ASSOCIATION, | | : | CASE NO. 18-13097-amc |
| | Movant. | : | |
| | | : | **Supplemental Reply in Support** |
| MARIKA ROSCIOLI | | : | **of Motion for Relief from the Stay** |
| | Respondent. | : | |

<u>**SUPPLEMENTAL REPLY IN SUPPORT OF MOTION OF
COVENTRY GREEN CONDOMINIUM ASSOCIATION
FOR RELIEF FROM AUTOMATIC STAY**</u>

Creditor Coventry Green Condominium Association files this Supplemental Reply in Support of Motion for Relief from Automatic Stay as follows:

1.    Creditor Coventry Green Condominium Association has hired a contractor to inspect and make repairs to the roof of Debtor on August 9, 2019.  See invoice of Glenco Contractors dated August 16, 2019, attached hereto as Exhibit "A".  Nevertheless, Debtor has still failed to pay any condominium assessments.

2.    Debtor has continued to allow her dogs to run around on the common areas unleashed, in violation of the Condominium Rules and Regulations.  See photographs of dogs taken on September 16, 2019 (Exhibit "B"), with numerous letters regarding fines for failing to restrain her dogs (Exhibit "C"), and Rules and Regulations (Exhibit "D").

3.    Debtor is not permitted to exercise self help to refuse to pay condominium assessments.  See <u>Rivers Edge Condominium Association v. Rere, Inc.</u>, 568 A.2d 261 (Pa. Super. 1990).  In that case, it was held that the refusal to pay condominium assessments because the

association allegedly failed to properly perform repairs was not permitted.   See <u>Rivers Edge</u>

<u>Decision</u>, attached hereto as Exhibit "E".

WHEREFORE, Coventry Green Condominium Association's Motion for Relief from the

Stay should be granted.

**DEAN E. WEISGOLD, P.C.**

By:_____

Dean E. Weisgold
1835 Market Street, Suite 1215
Philadelphia, PA  19103
(215) 599-0327
Attorney for Creditor
Coventry Green Condominium Assoc.

## CERTIFICATE OF SERVICE

I, Dean E. Weisgold, Esquire, hereby certify that a true and correct copy of the within

Supplemental Reply in Support of Motion for Relief from Automatic Stay was served by ECF

filing on October 3, 2019, to the counsel below named:

Kenneth G. Harrison, Esquire
5 Neshaminy Interplex
Suite 115
Trevose, PA 19053


DEAN E. WEISGOLD, P.C.


By:_____
Dean E. Weisgold
Attorney for Movant
Coventry Green Condominium Assoc.

**EXHIBIT "A"**

## Glenco Contractors LLC

# Invoice

1076 Kemper Drive
Warminster, PA 18974

| Date | Invoice # |
|------|-----------|
| 8/16/2019 | 10552 |

| Bill To |
|---------|
| COVENTRY GREEN CONDOMINIUMS |
| C/O SMALLOW MANAGEMENT CO. INC. |
| 403 LAKESIDE DRIVE |
| SOUTHAMPTON, PA 18966 |

| Ship To |
|---------|
| COVENTRY GREEN CONDOMINIUMS |
| BENSALEM. PA 19020 |

| P.O. Number | Terms |
|-------------|-------|
|  | Net 30 |

| Serviced | Item Code | Description | Amount |
|----------|-----------|-------------|--------|
| 8/9/2019 | ROOFING | J-4911 - REPAIRS TO EXTENSIVE ROOF SHINGLE DAMAGE ON FRONT SIDE OF ROOF. REPLACED 10 FULL SHINGLES AND 17 SHINGLE TABS MISSING. SILICONE SEALED WHERE NEEDED. | 375.00 |

*Mr Glenn did leave his business card at back door.*

| Phone # 215-676-1670 | fax # 215-676-4450 | glencocontractors@gmail.com | **Total** | $375.00 |

# EXHIBIT "B"

Trixie off leash

From:   Maribeth Klingler (maribeth.klingler@gmail.com)

To:     mvflynn@yahoo.com

Date:   Monday, September 16, 2019, 06:44 PM EDT


Now Trixie, the other dog, is hanging out outside with no leash. She is laying in the yard. Picture attached. I guess she just wants to keep running up the fines.


20190916_184136.jpg
2.6MB



## Chloe off leash

From: Maribeth Klingler (maribeth.klingler@gmail.com)

To:   mvflynn@yahoo.com

Date: Monday, September 16, 2019, 06:38 PM EDT

Hi Marie,
Marika is not too bright. I am sitting here eating dinner at my table and she is nowhere to be found, but Chloe (dog) is
running round with no leash right outside my window. Picture attached.

 20190916_183537.jpg
2MB



**EXHIBIT "C"**





# SMALLOW
## MANAGEMENT CO., INC.
## REALTOR

LAKESIDE OFFICE PARK, 403 LAKESIDE DRIVE
P.O. BOX 1591, SOUTHAMPTON, PA 18966
**PHONE (215) 322-5700**
**FAX (215) 322-9654**

September 16, 2019

Ms. Marika Roscioli
4911 Oxford Court
Bensalem, PA  19020

    RE:    **FINE OF $400.00**

Dear Ms. Roscioli:

Please be advised that the Coventry Green Condominium Association is hereby assessing a fine of **$400.00** against your home.

Once again you refuse to walk your dogs on a leash and you just open your front door and let these dogs roam free.

We have pictures of both of your dog's running free in the courtyard. Chloe at 6:38 P.M. and Trixie at 6:44 P.M. on Monday. September 16, 2019.  The pictures were sent to Dean Weisgold Attorney for the Coventry Green Condominium Association.

The fines now total **$2,000.00**.

At our Executive Board Meeting last month many complaints were received that this is an **on-going** problem with you, you just open your dog and allow your dogs to roam free and rarely does anyone see **you pick up the dog dirt.**

The Association has the legal right **to remove any dog** that is a problem for the Association.

The Association will seek legal action the next time your dogs are permitted to roam free.

You do live in a Condominium Association that has Rules and Regulations which should be followed.

Thank you.

**SMALLOW MANAGEMENT CO., INC.**

Marie V. Flynn
Condominium Coordinator

cc: Executive Board



# SMALLOW
## MANAGEMENT CO., INC.
### REALTOR

LAKESIDE OFFICE PARK, 403 LAKESIDE DRIVE
P.O. BOX 1591, SOUTHAMPTON, PA 18966
**PHONE (215) 322-5700**
**FAX (215) 322-9654**

July 16, 2019

Ms. Marika Roscioli
4911 Oxford Court
Bensalem, PA  19020

RE:        FINE OF $400.00

Dear Ms. Roscioli:

Please be advised that our office has received numerous complaints that you once again have allowed your dogs to roam the common grounds without supervision and without being on a leash.  Residents are also saying that you are not picking up the dog dirt; you **saw it but just left it** on the grounds.

It was also reported that when they told you about this you gave the Residents your **MIDDLE FINGER** in the presence of young children.

Coventry Green's Rules specifically states:
**Any solid waste deposited on the common elements must be immediately bagged and placed in the pet owner's refuse container.  Also the Pennsylvania Pooper Scooper Law requires that all dog dirt be picked up immediately. Dogs must be on a leash or chain when not inside the unit. there are no exceptions to this rule.**

We had a walk around last week and noticed that your area had a lot of dog dirt where in the past we never had a problem in this area.  Our Landscaper called to say we need to **clean up this area** or they will not be able to mow.

Sincerely,

**SMALLOW MANAGEMENT CO., INC.**

Marie V. Flynn
Condominium Coordinator

# SMALLOW
## MANAGEMENT CO., INC.
## REALTOR

LAKESIDE OFFICE PARK, 403 LAKESIDE DRIVE
P.O. BOX 1591, SOUTHAMPTON, PA 18966
**PHONE (215) 322-5700**
**FAX (215) 322-9654**

August 22, 2019

Ms. Marika Roscioli
4911 Oxford Court
Bensalem, PA  19020

RE:    **FINE OF $400.00**

Dear Ms. Roscioli:

Please be advised that the Coventry Green Condominium Association is hereby assessing a fine of **$400.00** against your home.

Once again you refuse to walk your dogs on a leash.

At 7:25 A.M. on Thursday, July 22nd, 2019 Marie V. Flynn took a picture of your dog's roaming the common elements even though you have been advised many times that this is against the Rules and Regulations of the Coventry Green Condominium Association.

The fines now total **$1,600.00**.

At our Executive Board Meeting last evening many complaints were received that this is an on-going problem with you, you just open your dog and allow your dogs to roam free and rarely does anyone see **you pick up the dog dirt.**

The Association has the legal right to remove any dog that is a problem for the Association.

If this continues we will seek legal action to have both dogs removed from the premises.

You do live in a Condominium Association that has Rules and Regulations which should be followed.

Thank you.

SMALLOW MANAGEMENT CO., INC.

Marie V. Flynn
Condominium Coordinator
cc:  Executive Board
     Dean Weisgold Esquire



# SMALLOW
## MANAGEMENT CO., INC.
## REALTOR

LAKESIDE OFFICE PARK, 403 LAKESIDE DRIVE
P.O. BOX 1591, SOUTHAMPTON, PA 18966
**PHONE (215) 322-5700**
**FAX (215) 322-9654**

September 20, 2018

Ms. Marika Roscioli
4911 Oxford Court
Bensalem, PA  19020

RE::   FINE OF $400.00

Dear Ms. Roscioli:

Please be advised that the Coventry Green Condominium Association is hereby assessing a fine of $400.00 against you for allowing your two dogs to be on the common grounds without having them on a leash.

**On Monday, September 18th, 2018 at approximately 6:55 P.M. five Board Members along with Management witnessed your dogs on the side and rear grass and both dogs were not on a leash.**

When you saw the Board and Management you ran to gather them up and take them in the house but once again you are not following the Rules of the Association and you allow your dogs to roam the common grounds and not be on a leash.

The Association has asked Dean Weisgold our Attorney to proceed with legal action to have these pets removed from the premises.

Thank you.

Sincerely,

SMALLOW MANAGEMENT CO., INC.

Marie V. Flynn
Condominium Coordinator



# SMALLOW
## MANAGEMENT CO., INC.
## REALTOR

LAKESIDE OFFICE PARK, 403 LAKESIDE DRIVE
P.O. BOX 1591, SOUTHAMPTON, PA 18966
**PHONE (215) 322-5700**
**FAX (215) 322-9654**

May 9, 2018

Ms. Marika Roscioli
4911 Oxford Court
Bensalem, PA  19020

     RE:    FINE OF $400.00

Dear Ms. Roscioli:

Our office has received photos from upset Residents showing both of your dog's roaming the grounds on Tuesday, May 8th, 2018.

A fine of $400.00 has been added to your outstanding delinquency.

You never came around to find them nor did you come out to clean up their dog dirt.

Our Attorney has been asked to proceed with legal action.

The Rules specifically state:

"DOGS, CATS AND OTHER AMBULATORY PETS MUST BE ON A LEASH OR CHAIN WHEN NOT INSIDE THE UNIT.  THERE ARE NO EXCEPTIONS TO THIS RULE.  AT NO TIME SHALL ANY PET BE PERMITTED TO ROAM FREE, UNLEASHED."

We are also being told that the courtyard is full of dog waste and that you are never seen carrying a bag. You just open the front door and allowed both dogs to run outside and you never go out to pick up the dog dirt.  **THIS IS A PENNSYLVANIA LAW!!**

Sincerely,

SMALLOW MANAGEMENT CO., INC.
AGENT FOR THE COVENTRY GREEN CONDOMINIUM ASSOCIATION

cc: Executive Board
    Dean E. Weisgold Esquire



# SMALLOW
## MANAGEMENT CO., INC.
## REALTOR

LAKESIDE OFFICE PARK, 403 LAKESIDE DRIVE
P.O. BOX 1591, SOUTHAMPTON, PA 18966
**PHONE (215) 322-5700**
**FAX (215) 322-9654**

December 12, 2017

Ms. Marika Roscioli
4911 Oxford Court
Bensalem, PA  19020

*Paid from Payment
$200.00 Junior
$200.00
$100.00 Dues*

RE:    **FINE OF $200.00**

Dear Ms. Roscioli:

Please be advised that once again our office received an email from a Board Member stating that on Saturday, December 9th, 2017 your Dog Trixie was left outside, with no leash going to the bathroom. You then opened the door and allowed Cloe to go out.  In any case both dogs were outside running around with no supervision and neither dog on a leash.  You never went out to collect the dog dirt.

The email was also sent to our Attorney Dean E. Weisgold.

The Rules specifically state:

**"DOGS, CATS AND OTHER AMBULATORY PETS MUST BE ON A LEASH OR CHAIN WHEN NOT INSIDE THE UNIT.  THERE ARE NO EXCEPTIONS TO THIS RULE.  AT NO TIME SHALL ANY PET BE PERMITTED TO ROAM FREE, UNLEASHED."**

You are being fined $100.00 for each dog that is not on a leash and we have asked Mr. Weisgold to begin action to have **these dogs removed from the premises** which our By-Laws states the Association has the right to do.  Your previous Attorney informed Mr. Weisgold months ago that the dogs will never be out **without being on a leash** but since that on two occasions that we witnessed they are out running around no leash and no supervision.

We are also being told that the courtyard is full of dog waste and that you are never seen carrying a bag. You just open the front door and allowed both dogs to run outside and you never go out to pick up the dog dirt.  **THIS IS A PENNSYLVANIA LAW!!**

This fine of $200.00 has been added to your outstanding charges.

At our last Condominium Board Meeting the Board have amended the Rules and will now double your fines since you totally ignore the Rules of the Coventry Green Condominium Association.

Sincerely,

SMALLOW MANAGEMENT CO., INC.
AGENT FOR THE COVENTRY GREEN CONDOMINIUM ASSOCIATION

**EXHIBIT "D"**



COVENTRY GREEN
CONDOMINIUM
ASSOCIATION

BENSALEM, PA 19020

RULES & REGULATIONS
SYNOPSIS

A maximum of two vehicles for each unit will be permitted to park in the preferred parking areas. Preferred parking areas are defined as the parking spaces adjacent to the units in each of the two large parking lots, and the entire small lot between "E" and "I" buildings. All other vehicles must be parked on the far sides of the two large parking lots (against the fence toward Third Avenue, or in the other lot, toward Bensalem Boulevard).

## CHILDREN

Residents shall be held responsible for the actions of both their own, and their guests' children. This includes financial responsibility for any damages caused by the children, including, but not limited to damages to grass, trees, exteriors, windows, and other residents' property.

Children are not permitted to loiter or play in the common elements in a fashion that would unreasonably disturb other residents or create a risk of damage to the condominium.

Children are not permitted to play in the driveways and parking lot entrances.

Designated play areas are the tot lot; the field bordered by "U" and "T" buildings, the Tennis Courts, and the end of the property.

Wall ball is prohibited.

Children's toys and vehicles are not permitted to block the sidewalks at any time, or be stored in the front of the unit.

Bicycles or other types of riding vehicles are restricted to the paved areas, and are not permitted to be ridden on the landscaped portions of the condominium or the lawns.

## CHILDREN AND ADULTS

The playing of any organized sports in such a manner as to unreasonably disturb any resident is prohibited.

The racing of bicycles, motorized bikes, or other vehicles on the property is prohibited. Violators will be assessed **$100.00** for the first offense, **$200.00** for the second offense, and **$400.00** for the third offense.

## PETS

Residents shall be strictly liable for the actions of their pets. This includes financial responsibility for the replacement or repair of any common element or residents' property damaged by the pet.

Dogs, Cats, and other ambulatory pets must be on a leash or chain when not inside the unit. **There are no exceptions to this rule.**

Pets are not permitted to relieve themselves on any shrub, planted area, or on the grass not immediately adjacent to the pet owner's unit.

Any solid waste deposited on the common elements must be immediately

3

bagged and placed in the pet owner's refuse container, or the trash receptacles in the parking lots.

The Council reserves the right to require that any diseased, infested, unclean, noisy, or uncontrolled (including, but not limited to unleashed) animal be removed from the property within five days after written notice to the resident that such pet is offensive.

At no time shall any pet be permitted to roam free, unleashed and/or unattended by its owner, on the common element.

Violation of the preceding rules resulting in the Council's removal of the pet, shall be at the owner's expense (including, but not limited to legal expenses).

The replacement of common element shrubbery at units where pets are not kept strictly indoors shall be replaced, and the expense thereof will be charged to the unit owner at the Council's discretion.

## COMMON COURTESY AND COMMON ELEMENT USAGE

### NOISE

Activities resulting in sufficient noise to disturb other residents are prohibited earlier in the morning than 8:00 A.M. Monday through Saturday, inclusive, and 11:00 A.M. Sunday; or later in the evening than 11:00 P.M. Sunday through Thursday, and 12:00 midnight Friday and Saturday, or for longer than three hours in any given day.

Television, radio, and any other devices with a volume control shall not be played above a moderate level if any resident complains regardless of the time of day.

No work on any unit shall be performed between the hours of 8:00 P.M. and 8:00 A.M. (11:00 A.M. on Sundays) if such work is likely to disturb the occupants of any other units (except for emergency work that must be performed during these times and hours).

The operation of any type of shortwave, citizens band or transmitting equipment is prohibited if it interferes with the television and radio of any other resident.

Violators of the noise regulations shall be assessed **$50.00** for the first offense, **$100.00** for the second offense, and **$200.00** for the third offense.

No external antenna, aerial, or other transmitting equipment is permitted to be attached or hung from the units. Furthermore, existent external devices must be removed at the time of resale.

### COOKING

Outdoor grills and cooking is prohibited except on the rear patios.

Residents shall not use any cooking equipment, or any other equipment in such a way as to allow noxious odors to permeate the buildings.

4

# EXHIBIT "E"

**LexisNexis®** *Total Research System*

Switch Client | Preferences | Sign Off | ? Help

*My Lexis™* | Search | Research Tasks | Get a Document | *Shepard's®* | Alerts | Total Litigator

Dossier | History | 🖨

Source: Legal > States Legal - U.S. > Pennsylvania > Find Cases > PA State Cases, Combined ℹ
Terms: **"Rivers Edge" w/25 Rere and date geq (1/1/80)**   (Edit Search | Suggest Terms for My Search)

✔Select for FOCUS™ or Delivery
☐

*390 Pa. Super. 196, \*; 568 A.2d 261, \*\*;*
*1990 Pa. Super. LEXIS 54, \*\*\**

**RIVERS EDGE** CONDOMINIUM ASSOCIATION v. **RERE,** INC., and Carl Massara. Appeal of Carl MASSARA

No. 00750 Philadelphia 1989

Superior Court of Pennsylvania

390 Pa. Super. 196; 568 A.2d 261; 1990 Pa. Super. LEXIS 54

September 27, 1989, Argued
**January 12, 1990,** Filed

**PRIOR HISTORY:** **[\*\*\*1]** Appeal from the Order of the Court of Common Pleas of Philadelphia County, Civil at No. 2137 March Term, 1988.

**DISPOSITION:** Order affirmed.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** Appellant condominium owner sought review of an order by the Court of Common Pleas of Philadelphia County, (Pennsylvania), which ruled in favor of appellee condominium association, contending that he had a right to withhold his condominium fees.

**OVERVIEW:** Appellant condominium owner had two condominium units and refused to pay the assessments on the units. As a result, appellee condominium association obtained a judgment for the amount of the delinquent assessments. Appellant contended that his withholding of the assessments was justified because appellee had failed to properly maintain and repair appellant's units. The court held that appellant's action in withholding his condominium assessments was not justified by the language of the condominium by-laws, or the state statutes. The court held that nothing in the Uniform Condominium Act supported the type of self-help action undertaken by appellant. The court concluded that if appellant was unsatisfied or believed that he had been damaged by the conduct of appellee, there were other remedies available to him; therefore, the judgment was affirmed.

**OUTCOME:** The court affirmed the order of the trial court, ruling that even though appellant condominium owner was unsatisfied or believed that he had been damaged by the conduct of appellee condominium association, appellant had other remedies besides refusing to pay his association fees.

**CORE TERMS:** condominium, unit owners, condominium units, repair, ownership, confessed judgment, withholding, withhold, Uniform Condominium Act, obligation to pay, failed to pay, interruption, confession, designated, undisputed, exterior, damaged, property damage, leaks

**LEXISNEXIS® HEADNOTES**                                    ⊟**Hide**

Civil Procedure > Pretrial Judgments > Judgment by Confession
    Civil Procedure > Judgments > General Overview
    Criminal Law & Procedure > Appeals > Standards of Review > Abuse of Discretion > General Overview
HN1 ⚓ A trial court's decision regarding whether to open confessed judgment rests within the sound discretion of the trial court and will not be disturbed on appeal absent an error of law or a manifest abuse of discretion.  More Like This Headnote

    Real Property Law > Common Interest Communities > Condominiums > Condominium Associations
    Real Property Law > Common Interest Communities > Condominiums > Purchase & Sale
    Real Property Law > Estates > Future Interests > Remainders
HN2 ⚓ Real estate, portions of which are designated for the separate ownership and the remainder of which is designated for common ownership solely by the owners of the portions. Real estate is not a condominium unless the undivided interests in the common elements are vested in the unit owners. 68 Pa. C.S.A. § 3103.  More Like This Headnote | *Shepardize: Restrict By Headnote*

**COUNSEL:** Allen Weinberg, Philadelphia, for appellant.

Gary A. Krimstock, Philadelphia, for appellee.

**JUDGES:** Montemuro, Kelly and Hester, JJ.

**OPINION BY:** MONTEMURO

**OPINION**

[*197]  [**262]  In this appeal, we review the February 16, 1989, Order of the Court of Common Pleas of Philadelphia County, denying the appellant's Petition to Open Confession of Judgment. HN1 ⚓ A trial court's decision regarding whether to open confessed judgment rests within the sound discretion [*198] of the trial court and will not be disturbed on appeal absent an error of law or a manifest abuse of discretion. *First Seneca Bank & Trust Co. v. Laurel Mountain Development Corp., 506 Pa. 439, 485 A.2d 1086 (1984)*. Although the trial court in the instant case determined that the appellant, Carl Massara, had promptly filed the petition to open the confessed judgment, the court found that no meritorious defense had been alleged. We affirm.

The appellant owns two condominium units at the Rivers Edge Condominium, a residential complex located in Philadelphia, Pennsylvania. The definition [***2] of a "condominium" is set forth in 68 Pa.C.S.A. § 3103: "HN2 ⚓ Real estate, portions of which are designated for the separate ownership and the remainder of which is designated for common ownership solely by the owners of the portions. Real estate is not a condominium unless the undivided interests in the common elements are vested in the unit owners." When the appellant purchased his units at Rivers Edge, it is undisputed that he became bound by the terms and conditions of the Rivers Edge Condominium By-Laws. R.R. at 42a. Further, any person acquiring title to a condominium at Rivers Edge automatically becomes a member of the Association of Unit Owners ("Association"). The Association, through its Executive Board, is responsible for the operation, maintenance, repair, improvement, and replacement of the common elements. *Id.* at 50a. [1] In order to maintain the common elements and to provide other services to the unit owners, such as insurance coverage, the Association must collect a monthly assessment from each unit owner to cover that owner's proportionate share of the common expenses. *Id.* at 69a. The By-Laws of Rivers Edge describe a unit owner's obligation to pay the assessment [***3] as follows:

[*199] The Unit Owner's liability for any assessments under this Article VI shall not be abated due to any interruption in his right of occupancy of his Unit, or any interruption in the

delivery of any services to the Unit Owner or his Unit or for any other reason whatsoever, except as otherwise specifically set forth in this Article.

*Id.* at 71a.

**FOOTNOTES**

1 The "common elements" of a condominium are simply all portions of the property other than the units. *See* 68 Pa.C.S.A. § 3103. It appears undisputed that in the case at bar, the common elements would include, *inter alia*, exterior surfaces of the condominium units as well as the lawn surrounding the entire complex.

Beginning in October of 1986, the appellant refused to pay assessments to the River's Edge Condominium Association for his two units. As a result, the Association obtained a Confessed Judgment for $ 20,539.00, the amount of the delinquent condominium **[\*\*263]** assessments at that time. The appellant has **[\*\*\*4]** consistently maintained that his withholding of the assessments is justified, because the Association has failed to properly perform its obligation to maintain and repair the common elements at River's Edge. Appellant claims that he has suffered significant property damage to his units from water leaks. He claims that the leaks have damaged furniture, rugs, paint, woodwork, and drywall.

There is no disagreement that the Rivers Edge Condominium has some structural problems, including faulty exterior stucco in certain areas. Indeed, as both parties acknowledge, the Association filed a class action against the engineers, developers, and contractors associated with Rivers Edge. In a partial settlement, the Association recovered funds which are to be used for structural repairs to the common elements. However, appellant's action in withholding his condominium assessments, even assuming that he has suffered the property damage he alleges, is not justified by the language of the Rivers Edge Condominium By-Laws, the statutes of this Commonwealth, or general public policy considerations.

The Rivers Edge Condominium By-Laws explicitly require that a unit owner continue to pay the condominium **[\*\*\*5]** assessment even if the owner is *not* receiving services owed to him, i.e., repairs to the common elements. When an individual purchases a condominium unit at Rivers Edge, he necessarily accepts this provision allowing for no exemption **[\*200]** from payment of the assessments. Such a provision benefits all of the unit owners because if all unit owners continue to pay the assessments, maintenance and repairs to the common elements will continue to be possible. A condominium form of ownership in real estate succeeds, because unit owners agree to cooperate in the maintenance of common elements. When the appellant purchased his units at Rivers Edge, he chose to accept the benefits and obligations which accompany this form of real estate ownership. Although no appellate court in Pennsylvania has addressed the issue of whether the owner of a condominium unit may withhold condominium assessments based upon the alleged failure of the condominium association to maintain common elements, this issue was addressed by the Court of Common Pleas of Philadelphia in *Society Hill Towers Owners' Association v. Matthew*, 32 Pa.D. & C.3d 244 (1982). There, a judgment by confession had been **[\*\*\*6]** entered in favor of a condominium association against unit owners who had failed to pay assessments. The unit owners claimed that they failed to pay the assessments due to the failure of the Association to provide required maintenance services. The trial court aptly responded to this contention:

> Regarding petitioners' contention that their obligation to pay was dependent upon the provision of services, nothing in their deed, the Condominium Declaration or Code of Regulations supports it. Under the Code of Regulations, unit owners are required to pay all assessments and have no right to withhold payment for alleged nonprovision of services. Petitioners should have directed their dispute over maintenance services to the condominium council rather than unilaterally withholding assessments.

*Id.* at 247-248.

We find it significant that nothing in Pennsylvania's Uniform Condominium Act supports the type of self-help action undertaken by the appellant Massara. Had the Legislature intended to allow owners of condominium units to **[*201]** withhold assessments where owners believe that their condominium association is not performing its obligations properly, we believe **[***7]** the Legislature would have explicitly so provided. *Accord Newport West Condominium Association v. Veniar, 134 Mich.App. 1, 350 N.W.2d 818 (1984)*. As it stands, unit owners must make their objections or complaints known to their condominium association. Further, our Uniform Condominium Act provides that where that unit owner believes that an association has been negligent or has breached a contractual obligation, the unit owner may institute a legal action against the association. *See 68 Pa.C.S.A. § 3311*. In the present case, if the appellant is unsatisfied or believes that he **[**264]** has been damaged by the conduct of the Rivers Edge Condominium Association, these are the remedies available to him.

For all of the foregoing reasons, we affirm.

Order affirmed.

Source:    Legal > States Legal - U.S. > Pennsylvania > Find Cases > PA State Cases, Combined [i]
Terms:    "Rivers Edge" w/25 Rere and date geq (1/1/80)    (Edit Search | Suggest Terms for My Search)
View:    Full
Date/Time:    Monday, October 8, 2007 - 7:56 PM EDT

* Signal Legend:
🌑 - Warning: Negative treatment is indicated
[Q] - Questioned: Validity questioned by citing refs
⚠ - Caution: Possible negative treatment
◆ - Positive treatment is indicated
(A) - Citing Refs. With Analysis Available
(i) - Citation information available
* Click on any *Shepard's* signal to *Shepardize*® that case.

*My Lexis*™ | Search | Research Tasks | Get a Document | *Shepard's*® | Alerts | Total Litigator
History | Delivery Manager | Dossier | Switch Client | Preferences | Sign Off | Help

LexisNexis®    About LexisNexis  | Terms & Conditions  | Contact Us
Copyright © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.